IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1277-MJR-SCW |
| | ) |
| KIMBERLY BUTLER, | ) |
| COUNSELOR WOODS, | ) |
| SHERRY BENTON, | ) |
| GLADYS TAYLOR, | ) |
| JOHN BALDWIN, and | ) |
| JEANNETTE COWAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Kenneth Smith is currently incarcerated at the Pontiac Correctional Center in Pontiac, Illinois, but was previously incarcerated at the Menard Correctional Center in Chester, Illinois. On November 16, 2015, he filed suit against a number of Illinois prison officials, claiming that they violated his Eighth Amendment rights by denying his requests to be placed in protective custody at Menard. Smith says that he is a member of the Gangster Disciples under the Six Point Star Flag, and that he has a history of altercations with prisoners at Menard who are members of the Vice Lords and the Mickey Cobras, two rival gangs. He got into a fight with one member of the Mickey Cobras, Paul Calhoun, in 2012, and an affiliate of Calhoun's named Kevin Smith made threats against him in late 2014. In mid-2015, he says he received more threats from members of the Mickey Cobras and from Paul Manning, his former cellmate, so

1

Smith checked himself into protective custody. Prison officials investigated and told Smith that they couldn't corroborate his threats, so he was removed from protective custody (over his objections) in August 2015. After that removal, Smith says he received two more written gang-related threats, and in light of prison officials' previous failure to allow him to stay in protective custody, he opted to file suit in this Court. His complaint accused Menard officials of being deliberately indifferent to the threats against him, and he sought, among other things, a preliminary injunction from the Court directing Menard officials to place him into protective custody.

Smith's underlying suit continues, but his initial request for a preliminary injunction was referred to Magistrate Judge Williams for an evidentiary hearing and a report and recommendation. By the time Judge Williams held the evidentiary hearing in December 2015, Smith had checked himself back into protective custody due to the written threats against him, and prison officials had again reviewed (and denied) his request for long-term protective custody. At the evidentiary hearing, Judge Williams heard testimony from Defendant Jeanette Cowan, a correctional case work supervisor at Menard who was involved in the June and August 2015 denials of protective custody, and from Intelligence Officer Andrew Dillingham, who was involved in the August 2015 denial of protective custody. Smith also testified as well. Based on all of the testimony presented, Judge Williams was of the view that Smith had not demonstrated that he was at serious risk of harm or that he was likely to succeed on the merits of his deliberate indifference claim, so he recommended to the undersigned that Smith's

2

motion for injunctive relief be denied. Smith has objected, and the propriety of Judge Williams' report and recommendation is now before the Court for review

The Court has conducted an independent review of Smith's motion, the evidence presented, the parties' arguments, and Smith's objections, and is of the view that Judge Williams was right to recommend that Smith's initial request for a preliminary injunction be denied. Smith should know that a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997).** To obtain an injunction, Smith must show that he is likely to succeed on the merits of this case, that he is likely to suffer irreparable harm without the injunction, that the harm he would suffer without a preliminary injunction is greater than the harm the injunction would inflict on the defendants, and that the injunction is in the public interest. *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010).** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Id.* **at 546.**

There are a number of reasons why Smith's initial request for a preliminary injunction must be denied. For one, Smith hasn't demonstrated that he is likely to succeed on the merits of his Eighth Amendment claim, for the testimony at the hearing doesn't reflect deliberate indifference on the part of any of the defendants. As it concerns the prison's initial denial of protective custody in mid-2015, the testimony shows that Cowan interviewed Smith to determine whether he should remain in protective custody and found that he wasn't subject to the kind of risk that necessitated

long-term protection. She confirmed that Smith had a history of altercations with Calhoun, but determined that Calhoun didn't pose an ongoing threat because he was on Smith's keep separate list and was always housed in another unit. As for the other threats, Cowan couldn't locate any prisoner named Kevin Smith at Menard who fit Smith's description, nor could she verify that Paul Manning and Smith ever had an altercation. An intelligence officer at the prison concurred with Cowan's assessment, and supervisory staff at Menard and the Administrative Review Board determined that no protective custody was needed to safeguard Smith. The evidence at the hearing doesn't show that Cowan or anyone else knew of a credible threat yet failed to take action, meaning there's little to suggest indifference concerning the mid-2015 event.

The same holds true for Smith's late-2015 request for protective custody. Cowan and Dillingham interviewed Smith concerning the written threats against him, but Smith largely refused to cooperate given his history with Cowan, so neither staff member could corroborate the threats against him. Given the lack of evidence, everyone all the way up to the Administrative Review Board found that protective custody wasn't required. Nothing offered by Smith at the hearing suggested that the individuals involved in the late-2015 request ignored a credible threat, and without that kind of evidence, Smith again bears little chance of success on his underlying claim.

For similar reasons, Smith hasn't demonstrated that he would suffer irreparable injury if an injunction isn't granted, as he hasn't established that he is at risk of severe harm. Inmate Calhoun doesn't pose an imminent risk, as he is listed on Smith's keep separate list and is housed separately from him. Smith hasn't proven that inmates

4

Manning and Kevin Smith pose a serious risk, either, as Smith didn't testify at the hearing that he and Manning were ever in an altercation, and prison records reflect that the Kevin Smith threat was a fiction, as there's no inmate with that name that matches Smith's description at Menard. As to the two written threats that Smith says he received after leaving protective custody in mid-2015, Smith refused to offer anything to prison officials to corroborate those threats, he didn't offer much in the way of testimony on them at the hearing, and there was some testimony in the record to reflect that they weren't a true source of harm anyway, as they were likely drafted by Smith himself. Smith had an opportunity to prove up irreparable harm at the hearing, and the evidence that he offered didn't establish that he was at true risk of injury.

Over and above a lack of irreparable harm and a lack of success on the merits, there's another reason to deny Smith's request for an injunction, namely that his request is now moot. His motion for a preliminary injunction asks for protective custody at Menard while he awaits transfer to Pontiac Correctional Center, but Smith was transferred to Pontiac on or around August 2016, and that transfer vitiates any need for early injunctive relief. *Higgason v. Farley*, **83 F.3d 807, 811 (7th Cir. 1996).**

Because Smith hasn't met his burden to justify a preliminary injunction, and because his initial request is now moot, the Court **ADOPTS** the magistrate judge's report and recommendation (Doc. 37), **OVERRULES** Smith's objections to it (Doc. 40), and **DENIES** Smith's motion for a preliminary injunction (Doc. 4).

**IT IS SO ORDERED.**

**DATED: September 27, 2016**

<u>/s/ **Michael J. Reagan**</u>
**Chief Judge Michael J. Reagan**
**United States District Court**